## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **DANA M. KOSTELNIK a/k/a Dana** | : | |
| **M. Aiello,** | : | |
| | : | **Bankruptcy No. 05-36993-MBM** |
| Debtor. | : | |

...............................................................:..................................................................

| | | |
|---|---|---|
| **Robert Shearer, Trustee of the Estate** | : | |
| **of Dana M. Kostelnik a/k/a** | : | |
| **Dana M. Aiello,** | : | **Chapter 7** |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 06-2431-MBM** |
| | : | |
| **ABN AMRO Mortgage Group, Inc.,** | : | |
| **Dana M. Kostelnik a/k/a Dana M.** | : | |
| **Aiello, and Craig Kostelnik,** | : | |
| Defendants. | : | |

Appearances:    Owen W. Katz, for Robert Shearer, the Trustee.
Adam S. Barsotti, for ABN AMRO Mortgage Group, Inc.

## <u>MEMORANDUM OPINION</u>

**AND NOW,** this **20th day** of **February, 2007**, upon consideration of (a) the motion by Robert Shearer, the Chapter 7 Trustee in the instant bankruptcy case (hereafter "the Trustee"), for partial summary judgment in the above-captioned adversary proceeding, and (b) the Trustee's underlying adversary complaint, wherein the Trustee seeks (i) a determination as to the validity, extent, or priority of any lien or property interest that ABN AMRO Mortgage Group, Inc. (hereafter "ABN") might have in realty owned by Dana Kostelnik, the instant debtor (hereafter "the Debtor"), which realty is known as 112 Holiday Park Drive, Pittsburgh, PA 15239 (hereafter "the Realty"), and (ii) authorization to sell the Realty pursuant to 11 U.S.C. § 363(h);

and after notice and a hearing on the Trustee's summary judgment motion

held on February 14, 2007;

it is **hereby determined that the Court shall issue an order that**

**GRANTS** the Trustee's partial summary judgment motion.  The rationale for the

Court's decision is briefly set forth below.

## I.

With respect to the Trustee's request for a determination regarding the

validity, extent, or priority of any lien or property interest that ABN might have in

the Realty, what the Trustee ultimately seeks is a determination that ABN does

not have any lien or property interest in the Debtor's undivided interest in the

Realty, at least any such lien or property interest that would survive the Trustee's

§ 363(h) sale of the Realty, ABN's apparent mortgage interest in the Debtor's

now-divorced non-debtor spouse's (hereafter "the Debtor's Ex-Spouse")

undivided interest in the Realty notwithstanding.  The Court grants summary

judgment in the Trustee's favor with respect to the foregoing determination that

the Trustee seeks for the following reasons.

First, ABN, as a matter of law, failed to obtain a mortgage in the Realty

from the Debtor back in September 2002 when ABN and the Debtor's Ex-Spouse

executed a mortgage on the Realty (hereafter "the Mortgage").  The Court must

so hold (a) because, regardless of any ambiguity that might be argued to exist

regarding a grant of a mortgage by the Debtor at the time, the Debtor

indisputably failed to ever execute the Mortgage, and (b) since, absent such

2

execution by the Debtor, she could not have granted a mortgage via the

Mortgage, *see* 33 P.S. § 1 (Purdon's 2007); In re Carnes, 331 B.R. 229, 232-233

(Bankr.W.D.Pa. 2005).

Second, and contrary to what ABN argues, ABN did not obtain a mortgage

in the Realty from the Debtor by virtue of her subsequent execution, in April

2005, of a document entitled "Loan Modification Agreement" (hereafter

"Modification Agreement").  The Court must so hold because the Modification

Agreement, which expressly sets forth modifications of several of the terms

included within the Mortgage and an accompanying note (hereafter "the Note"), *is

unambiguous as to what it modifies*,[1] yet none of such modifications include, for

instance, (a) a change in the identification of the "Borrower" as set forth in the

Mortgage – such "Borrower," who is the Debtor's Ex-Spouse, is the only

individual to have granted a mortgage to ABN in the Mortgage, or (b) a grant of a

mortgage in the Realty by the Debtor.  As for the fact – of which much is made by

ABN – that the Debtor's name appears as a "Borrower" in the first paragraph of

the Modification Agreement, such fact cannot operate to make the Debtor a

"Borrower" for purposes of the only document that served to grant a mortgage in

the Realty, that is the Mortgage, since such first paragraph does not set forth –

indeed does not even purport to set forth – the modifications to the Mortgage and

the Note; accordingly, the Debtor, by executing the Modification Agreement,

---

[1]See page 2, paragraph 4 of the Modification Agreement, wherein it
provides that "[e]xcept as otherwise specifically provided in this Modification, the
Note and Security Instrument [(i.e., the Mortgage)] will remain unchanged and in
full effect ...."

3

agreed, at least with respect to the Mortgage,[2] to numerous changes regarding a document to which she never became a party. Finally, the Court holds that a grant of summary judgment in the Trustee's favor on the points discussed in the instant paragraph is appropriate because (a) the determination of whether a contractual document is ambiguous as to a particular term constitutes a legal, rather than a factual, determination, *see* In re Air Nail Company, Inc., 329 B.R. 512, 528 (Bankr.W.D.Pa. 2005) (citing cases), (b) the construction of an unambiguous contract also constitutes a legal, as opposed to a factual, determination, *see* Id. (citing cases), and (c) legal determinations are appropriate for resolution without trial, that is by way of a summary judgment motion, *see* Id. (citing cases).

Third, and as an alternative ground for ruling, at the summary judgment stage, that the Modification Agreement presently fails to operate such that ABN possesses a mortgage interest in the Debtor's undivided interest in the Realty, the Court rules that, because the Modification Agreement was not filed with the proper authorities, that is was not perfected, until at a point well within the 90 days prior to the commencement of the Debtor's instant bankruptcy case,[3] such

---

[2]The Court presently takes no position with respect to how the Modification Agreement affects the Note and, presumably therefore, ABN's unsecured claim (formally advanced via a filed proof of claim) because, among other things, (a) such issue has not yet been raised, and (b) the parties thus far have not provided the Court with any information regarding whether the Debtor (i) is listed as a "Borrower" in the Note, or (ii) executed the Note.

[3]The Debtor commenced the instant bankruptcy case on October 13, 2005. The Modification Agreement was filed on, and thus was not perfected until, September 12, 2005.

4

Modification Agreement, even if it were construed such that it operates to grant to ABN such a mortgage interest, would constitute an avoidable preferential transfer pursuant to 11 U.S.C. § 547(b).  The Court's preference ruling is dictated, in part, by the application of 11 U.S.C. § 547(e)(2)(B) to any possible grant of a mortgage interest by way of the Modification Agreement; by virtue of the application of such statutory provision to the instant matter, any such possible transfer of a mortgage interest occurred, for all purposes of § 547, on September 12, 2005 (i.e., the date of perfection, that is the filing of the Modification Agreement).  Because such transfer occurred on September 12, 2005, it (a) occurred within 90 days of October 13, 2005, which is when the instant bankruptcy case was commenced, (b) was necessarily made entirely on account of antecedent debt owed to ABN (such antecedent debt having been incurred by the Debtor no later than April 2005), (c) was necessarily not made as part of a substantially contemporaneous exchange for the new value that the Debtor received back in April 2005 (nearly 5 months passed between April 2005 and September 12, 2005), which substantially contemporaneous exchange might perhaps have served, pursuant to 11 U.S.C. § 547(c)(1), to shield from avoidance as a preference $13,716.05 of the outstanding balance due on the Note/Mortgage (such amount is that which ABN provided to the Debtor and the Debtor's Ex-Spouse in return for their execution of the Modification Agreement in April 2005), *see* In re Brown Family Farms, Inc., 80 B.R. 404, 411-412 (Bankr.N.D.Ohio 1987) ("it [practically] does not appear that any other published decision has found a transfer of property involving a time period of greater than

5

one month to be 'substantially contemporaneous'"); 9B Am.Jur.2d *Bankruptcy*

§ 2134 (West 2006) (same as <u>Brown Family Farms</u>, that is any delay in an

exchange of greater than one month renders such exchange not "substantially

contemporaneous"); <u>In re Vatnsdal</u>, 139 B.R. 472, 475 (Bankr.D.N.D. 1991) (11-

month delay in an exchange involving the transfer of a mortgage is not

"substantially contemporaneous"), and (d) is thus avoidable as preferential, such

being the case given that the other elements of a preference under § 547(b) are

not subject to a genuine dispute.

Finally, the Court can quickly dispose of any and all of ABN's equitable

arguments, that is ABN's position that it possesses some sort of an unavoidable

"equitable lien" in the Debtor's undivided interest in the Realty – be it by way of

equitable estoppel, unjust enrichment, or any myriad of unpled equitable theories

– notwithstanding the lack of a legal mortgage in such undivided interest,

because, even presuming *arguendo* the viability of just one such equitable

theory[4] and, thus, the existence of such an equitable lien, such equitable lien

necessarily is trumped by, that is will fall to (i.e., is avoided pursuant to an

exercise of), the Trustee's strong-arm powers via 11 U.S.C. § 544(a)(3) (i.e., the

Trustee's status as a hypothetical bona fide purchaser of real estate).  *See*

<u>Carnes</u>, 331 B.R. at 231-233; <u>In re Cowan</u>, 273 B.R. 98, 106-107 (B.A.P. 6th Cir.

---

[4]The Court detects numerous problems with any of the equitable
arguments formally pled by ABN, not to mention problems that the Court quickly
identifies regarding equitable arguments that ABN has not even pled.  Because
ABN cannot prevail by way of any equitable theory, however, the Court
concludes that it need not address in detail any of such theories.

2002).  In so ruling the Court rejects – and comfortably so – ABN's position that, because the Trustee, under § 544(a)(3), is held to possess constructive notice of all that is contained within the Mortgage and the Modification Agreement (both of which were indisputably filed prior to the bankruptcy petition filing date), the Trustee cannot prevail against ABN vis-a-vis its position/lien based in equity; the Court rejects such position by ABN for the reason that, by virtue of such record (i.e., the two filed documents upon which ABN relies), the Trustee is deemed to have constructive notice of nothing more than that ABN does not now possess, nor has it ever possessed, a mortgage in the Debtor's undivided interest in the Realty.

For all of the foregoing reasons, the Trustee is entitled to, and thus the Court shall grant in the Trustee's favor, summary judgment to the effect that ABN does not have any lien or property interest in the Debtor's undivided interest in the Realty.

**II.**

Because the Court rules, at this time, that ABN does not have any lien or property interest in the Debtor's undivided interest in the Realty, the outcome of the Trustee's request for authorization to sell the Realty pursuant to 11 U.S.C. § 363(h) is frankly a foregone conclusion – the authorization for such sale shall be granted given that, as the Trustee asserts, ABN does not even appear to contest, and the Court holds to be the case in any event, each of the elements for a sale under § 363(h) are satisfied as set forth in the Trustee's complaint.

Having so ruled, the Court deems it appropriate to hold at this time that,

7

subsequent to such § 363(h) sale and the satisfaction of costs and expenses

associated with such sale, the Trustee will be entitled to retain only one-half (½)

of the remaining sales proceeds for a Chapter 7 distribution.  The Court deems it

appropriate to so hold at this time – even though the Trustee apparently now

concedes the point – because the Trustee, in his complaint, takes the position

that neither the Debtor's Ex-Spouse nor, therefore, ABN, is entitled to even one-

half (½) of such remaining sales proceeds.  The Court holds as it does with

respect to the division of such remaining sales proceeds, that is that the Trustee

is only entitled post-sale to one-half of the remaining sales proceeds, because, in

any event, the Trustee, pursuant to 11 U.S.C. § 363(j), cannot divest the Debtor's

Ex-Spouse (and thus perhaps ABN by virtue of its mortgage against the Debtor's

Ex-Spouse) of one-half of the remaining sales proceeds.[5]

───────────────────

[5]In September 2002 the Realty was owned by the Debtor and the Debtor's
Ex-Spouse as tenants by the entirety.  When the Debtor entered bankruptcy she
had not yet become divorced, which means that the Realty constituted entireties
property as of the date of bankruptcy.  The Debtor chose not to take the
entireties exemption in bankruptcy.
    If the Court were compelled by bankruptcy law to recognize, for purposes
of the instant matter, the aforesaid divorce given that it occurred prior to any
§ 363(h) sale, then, by virtue of § 363(j) and 23 Pa.C.S.A. § 3507, the Debtor's
Ex-Spouse (and then ABN via its mortgage against such ex-spouse) would take
one-half of the remaining sales proceeds.  Such would be the case because, by
virtue of § 3507, the Debtor and the Debtor's Ex-Spouse, pre-sale, would hold
their interests in the Realty as tenants in common rather than as tenants by the
entireties, and ABN's mortgage would attach to the Debtor's Ex-Spouse's interest
only; post-sale, by virtue of § 363(j), ABN would receive ½ of the sales proceeds.
    However, if the Court were compelled by bankruptcy law to disregard, for
purposes of the instant matter, the aforesaid divorce given that it occurred post-
bankruptcy, then, by virtue of § 363(j), the Debtor's Ex-Spouse (and then
perhaps ABN via its mortgage against such ex-spouse) would nevertheless take
one-half of the remaining sales proceeds.  Such would be the case because the
Debtor and the Debtor's Ex-Spouse, pre-sale, would continue to hold their

**III.**

For all of the foregoing reasons, the Trustee is entitled to (a) a determination at this time that ABN does not have any lien or property interest in the Debtor's undivided interest in the Realty, and (b) be authorized to sell the Realty pursuant to § 363(h).  Therefore, the Court shall enter an appropriate order that grants the Trustee's partial summary judgment motion.

**BY THE COURT**

_/s/_____
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

---

interests in the Realty as tenants by the entireties; the sale would, as a matter of law, extinguish ABN's inchoate mortgage interest in the Realty, *see* In re Clawson, ____ B.R. ____, 2007 WL 177808 at 2-3 (Bankr.W.D.Pa. 2007); the Debtor's Ex-Spouse would, via § 363(j), nevertheless receive ½ of the sales proceeds; and perhaps ABN's mortgage would attach to such sales proceeds, perhaps by virtue of the subsequent application of § 3507 if not simply by virtue of the Mortgage itself.

Therefore, no matter how the Court analyzes it, the Trustee is only entitled post-sale to one-half of the remaining sales proceeds.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **DANA M. KOSTELNIK a/k/a Dana** | : | |
| **M. Aiello,** | : | |
| | : | **Bankruptcy No. 05-36993-MBM** |
| Debtor. | : | |

................................................................:................................................................

| | | |
|---|---|---|
| **Robert Shearer, Trustee of the Estate** | : | |
| **of Dana M. Kostelnik a/k/a** | : | |
| **Dana M. Aiello,** | : | **Chapter 7** |
| Plaintiff, | : | |
| | : | |
| v. | : | **Adversary No. 06-2431-MBM** |
| | : | |
| **ABN AMRO Mortgage Group, Inc.,** | : | |
| **Dana M. Kostelnik a/k/a Dana M.** | : | |
| **Aiello, and Craig Kostelnik,** | : | |
| Defendants. | : | |

## <u>ORDER OF COURT</u>

**AND NOW,** this **20th day** of **February, 2007**, for the reasons set forth in

the accompanying Memorandum Opinion of the same date, it is **hereby**

**ORDERED, ADJUDGED, AND DECREED** that the motion by Robert Shearer,

the Chapter 7 Trustee in the instant bankruptcy case, for partial summary

judgment in the above-captioned adversary proceeding is **GRANTED**.


                                        **BY THE COURT**



                                        ___**/s/**_____
                                        **M. BRUCE McCULLOUGH,**
                                        **U.S. Bankruptcy Judge**

copies to:

Owen W. Katz, Esq.
P. O. Box 7826
Pittsburgh, PA 15215

Adam S. Barsotti, Esq.
Barsotti Law Office
P. O. Box 15261
Pittsburgh, PA 15237

Gino F. Peluso, Esq.
One Peluso Place, Suite A
2692 Leechburg Road
Lower Burrell, PA 15068

Craig Kostelnik
810 North Avenue, Apt. 1
Pittsburgh, PA 15209

Craig Kostelnik
42 Florence Avenue
Pittsburgh, PA 15202